GILLAM v. ARNOLD.

Under the allegations of the complaint that defendant is about to sell plaintiff's land under a judgment which is void for want of service of the summons and complaint in that action, and no facts being stated tending to show that irreparable injury is likely to occur to the plaintiff here by an attempted sale under such alleged void judgment, an injunction to restrain the sale should not be granted.

Before HUDSON, J., Abbeville, June, 1889.

At the hearing of this appeal the Chief Justice, being related to plaintiff, did not sit.

The plaintiff complaining says :

I. That she is the wife of Robert C. Gillam, and has been for a period of time commencing long anterior to the present time, and prior to the year eighteen hundred and eighty.

II. That during many years last past, and particularly during the year eighteen hundred and eighty-six, she has resided, and now resides, in the town of Greenwood, in said county and State.

III. That she was not temporarily absent from the State at any time during the month of September, in the year eighteen hundred and eighty-six.

IV. That she is informed, and believes, that on or about the eighth or ninth day of September, eighteen hundred and eighty-six, the above named defendant, Francis Arnold, attempted to commence an action in this court against Sarah G. Sheppard, the wife of          Sheppard, and your plaintiff in this action, by lodging with the sheriff of Abbeville County for service upon said Sarah G. Sheppard and your plaintiff, a summons to which a complaint in the words following was annexed :

STATE OF SOUTH CAROLINA,     }   *Court of Common Pleas.*
    County of Abbeville.

FRANCIS ARNOLD, *Plaintiff,*       }   *Complaint of Francis*
          *v.*                         *Arnold for foreclos-*
SARAH G. SHEPPARD, MARY S. GILLAM,   *ure of real property.*
        *Defendants.*

The complaint of the above named plaintiff respectfully shows to this court:

I. That on the thirty-first day of December, 1884, the defendants made and delivered to Francis Arnold, the plaintiff, their two joint and several notes under seal, bearing date the day above named—one for the sum of eleven hundred and thirty-three dollars ($1,133), payable on 20th December, 1885, "with interest at the rate of ten per cent., payable annually from date." Also one other note for the sum of eleven hundred and sixty-six dollars ($1,166), payable on 20th December, 1886, "with interest at ten per cent., payable annually from date." The consideration of said notes being part of the purchase money of the tract of land hereinafter described, paid and advanced by plaintiff, the said real estate being property of said defendants.

II. That the defendants on the said thirty-first day of December, 1884, to secure the payment of said sealed notes, executed and delivered to the plaintiff his deed, and thereby conveyed, by way of mortgage, to the plaintiff, his heirs and assigns, the following lands and tenements, situate in the said County of Abbeville, to wit: "All that tract or parcel of land situated, lying, and being in Ninety-Six Township, Abbeville County, in the State aforesaid, containing four hundred acres (more.or less), and bounded by lands of Mrs. M. E. Sanders, Mrs. E. H. Hill, M. B. Lipscomb, and Saluda River."

III. That on the sixteenth day of January, 1885, the said mortgage was delivered to the register of mesne conveyance of said county, to be by him entered on record, and was recorded in vol. "B," page 2.

IV. That the condition of one of said notes and mortgage has been broken, and there is due and remaining unpaid upon said note and mortgage the sum of eleven hundred and thirty-three dollars, with interest at ten per cent., payable annually from date

thereof, December 31st, 1884, according to terms of said note. The second note, as above described, becoming due and payable for the sum of eleven hundred and sixty-six dollars on 20th December, 1886, next, with interest at ten per cent., payable annually from date thereof, December 31st, 1884, according to terms thereof.

Wherefore the plaintiff prays that the said mortgage may be foreclosed, and the equity of redemption barred, the premises ordered to be sold, and the proceeds applied to the payment of said debt, and execution awarded for the balance against the said defendants, Sarah G. Sheppard and Mary S. Gillam.

PARKER & McGOWAN,
Plaintiff's Attorneys.

STATE OF SOUTH CAROLINA, }
   County of Abbeville.    }

Personally came Wm. H. Parker, one of the attorneys for plaintiff in this action, and being duly sworn, says that the foregoing complaint is true of his own knowledge, except as to those matters which are therein stated on his information or belief, and as to those matters he believes it to be true, that his information is derived from having in possession the original notes and mortgage, and on that account he makes this verification instead of plaintiff.

WM. H. PARKER.

Sworn to before me Sept. 8, 1886.

J. P. COTHRAN, N. P., S. C.

V. That she is informed and believes that thereafter, upon the representation, pretext, and assumption, that the said summons and complaint had been personally served upon the defendants therein named, and upon an affidavit made by one of his attorneys to the effect that the said Sarah G. Sheppard and your plaintiff had neither appeared, answered, nor demurred in said action, the said Francis Arnold applied to this court at its October term, eighteen hundred and eighty-six, on the twentieth day of October, 1886, for and obtained an order of reference to the master, who on the same day filed a report; that on the twenty-first day of October, eighteen hundred and eighty-six, the said

Francis Arnold obtained in said cause what is commonly called judgment of foreclosure and sale with leave to enter judgment for any deficiency against the said Sarah G. Sheppard and your plaintiff; that thereafter, under the authority supposed to be conferred in said supposed judgment of foreclorsue and sale, the master for Abbeville County attempted to sell the land described in said complaint to the said Francis Arnold at and for the price of one thousand dollars, which was, and is, far less than its value; that the master filed his report on said sale, dated February 1st, 1887, finding the deficiency to be eighteen hundred and sixty-four 62-100 dollars, with interest from the third day of January, 1887, which said report was confirmed 5th February eighteen hundred and eighty-seven, and the entry of judgment for said alleged deficiency authorized; that thereafter, on the seventeenth day of November, eighteen hundred and eighty-eight, the said Francis Arnold attempted to enter judgment for said alleged deficiency, sued out an execution therefor, and has had W. D. Mann, as sheriff of Abbeville County, to levy the same upon her real estate in the town of Greenwood, in said county and State, whereon she resides, said to contain about sixteen and one-half acres, and to advertise the same for sale thereunder on saleday (the sixth day) of May, eighteen hundred and eighty-nine.

VI. That while said proceedings were being had in said cause by said Francis Arnold, she was ignorant thereof.

VII. That the said summons and complaint referred to in the third paragraph of this complaint have never been served upon her, and that she saw a copy of the same for the first time on Monday, the fifteenth day of April, eighteen hundred and eighty-nine.

VIII. That she alleges that all the proceedings had in said cause subsequent to the lodgment of said summons and complaint in the sheriff's office, and said judgment and execution, so far as the same affect her, are void, and that the court has never acquired any jurisdiction therein to pass upon and determine her rights in said cause.

IX. That she has made a full statement of her case to her attorney, and is advised that she has a good defence in said cause.

Wherefore she prays:

I. That all the proceedings had in the cause entitled Francis Arnold, plaintiff, against Sarah G. Sheppard and Mary S. Gillam, defendants, subsequent to the lodgment in the sheriff's office of the summons and complaint therein, the said judgment attempted to be entered for an alleged deficiency, and the said execution sued out for the collection and enforcement thereof, so far as the same affect her, may be adjudged to be void.

II. That the defendant herein, the said Francis Arnold, and W. D. Mann, as sheriff, as aforesaid, may be perpetually enjoined and restrained from enforcing, or attempting to enforce, said execution.

III. That she may have such other and further relief which, under the circumstances of the case, may be deemed just and equitable.                                    GEO. S. MOWER,

(Verified.)                                       Plaintiff's Attorney.


The order of the Circuit Judge was as follows:

This complaint is brought to enjoin the defendants from selling the real estate of the plaintiff, under a judgment by default, rendered by Francis Arnold against Mary S. Gillam, which said judgment she avers was recovered in action to which she was not made a party, having never been served with summons. Upon the sworn complaint in the present action, a preliminary injunction was granted. The defendants having answered under oath, this motion is now made to dissolve that injunction, and the motion is made upon the pleadings alone. After hearing the pleadings and argument of counsel, I am satisfied that the injunction must be dissolved. The plaintiff has a plain, adequate, and complete remedy at law. The court that rendered the judgment is fully competent, on motion made for that purpose, to vacate the judgment, and will do so on sufficient proof made. The plaintiff's appropriate and complete remedy is, by motion, in the common pleas on the law side to set aside the alleged void judgment. Even admitting that she has come into the equity side of this court as the appropriate tribunal for relief, nevertheless, upon the pleadings it is apparent that she has acquiesced in the judgment and has gone so far as to have her homestead ad-

measured under the levy made. She has all along known of the proceedings, and has neglected to apply to the proper tribunal in the proper way for relief.

It is therefore ordered, adjudged, and decreed, that the injunction heretofore granted be dissolved, with costs of the motion—ten dollars—against the plaintiff, to abide the event of this suit.

*Mr. Geo. S. Mower*, for appellant.

*Messrs. Parker & McGowan*, contra.

April 17, 1890. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The plaintiff in her complaint alleges that on or about the eighth day of September, 1886, the defendant, Arnold, attempted to commence an action against her and Sarah G. Sheppard, by lodging a summons and complaint in the sheriff's office for service upon her and said Sarah G. Sheppard, for the purpose of foreclosing a mortgage on a tract of land containing about 400 acres; that under the representation made to the court in that case, that the summons and complaint therein had been duly served upon the defendants therein, and that no answer or demurrer had been put in, the said Arnold obtained a judgment by default in that case, under which the mortgaged premises were sold and bid off by said Arnold; that a report of such sale was made by the master, in which the deficiency arising from such sale was ascertained, and the same was confirmed, and the said Arnold was authorized to enter judgment for such deficiency; that in pursuance of such order judgment was entered on the 17th of November, 1888, and execution issued thereon, under which the defendant, Arnold, has caused his co-defendant, Mann, as sheriff, to levy on plaintiff's real estate in the town of Greenwood, whereon she resides, containing about sixteen acres, and the same has been advertised for sale under said execution; that while said proceedings were being had plaintiff was ignorant thereof; that she was never served with the summons and complaint in the case referred to above, instituted by said Arnold, and that the court never acquired any jurisdiction of her person in that case. She therefore demands judgment that all the

proceedings in that case, subsequent to the lodgment of the summons and complaint in the sheriff's office, may be adjudged void so far as the same may affect her, and that the defendant herein may be perpetually enjoined from enforcing, or attempting to enforce, the execution above referred to.

Upon this complaint, duly verified, a temporary injunction was obtained by an order, dated 29th April, 1889. The defendant, Arnold, having filed his answer denying the material allegations of the complaint, gave notice of a motion to dissolve the temporary injunction, and this motion was heard and granted by his honor, Judge Hudson. From the order dissolving the injunction, plaintiff appeals upon the several grounds set out in the record, which, under the view we take, need not be specifically stated.

It seems to us that even conceding every fact stated in the complaint to be true, and conceding further that the plaintiff may proceed by a separate independent action, rather than by motion in the original case (neither of which concessions, however, are we to be understood as making, except for the purposes of this inquiry), we do not see that the plaintiff has any ground to demand the injunction prayed for. No fact is stated imparting to the case any feature of equitable cognizance. There is no allegation that the judgment against which relief is sought was obtained through fraud, accident, or mistake; but, on the contrary, the plaintiff's whole case rests upon the ground that the court which undertook to render the judgment never acquired jurisdiction of her person, and hence the so-called judgment was rendered without authority, and should be declared void. Nor is there any fact stated tending to show that the plaintiff is likely to suffer irreparable wrong by the enforcement of this alleged void judgment. The property levied upon is real estate, in the possession of the plaintiff, and if the defendants undertake to sell it under a void judgment, how would that injure the plaintiff? All she has to do is to forbid the sale, give notice of the defect in the judgment, and retain the possession; and if any one chooses to purchase after this, it is difficult to understand how she could be ousted from the possession, if, in fact, the judgment can be

shown to be void in any proper proceeding instituted for that purpose. *Wilson* v. *Hyatt*, 4 S. C., 369.

But, more than this, it will be observed that the plaintiff in her complaint does not allege (what, it would seem from defend·ant's answer, is a fact) that though the record of the judgment shows upon its face that she was personally served with the summons and complaint in the former case, yet, in fact, such was not the case ; but, on the contrary, her allegations simply are, that defendants are about to sell her real estate under a void judgment; and this, unquestionably, affords no ground for the interposition of the equitable remedy by injunction, for even if such sale should be made, it certainly would not work any irreparable mischief to plaintiff, and, in fact, would not injure her in any way, for it would amount to nothing more than a sale without any authority whatever. It seems to us clear that even if the case be considered solely with reference to the facts stated in the complaint, the plaintiff has failed to state such a case as would entitle her to the injunction prayed for, and hence that there was no error in dissolving the temporary injunction.

As this is the only question presented by this appeal, we have confined ourselves to it, and do not desire to be regarded as intimating any opinion as to any of the other questions to which the argument here has been chiefly directed. Whether the plaintiff could maintain a separate and independent action to have this judgment set aside or declared void on the ground stated, or whether she was not bound to proceed by motion in the case in which such judgment was rendered to have the record of that case, showing that she had been personally served, corrected in that respect, so as to conform to the fact as alleged by her, and whether such question could be considered in this case, unless it was raised by answer or demurrer, and whether the answer of defendant should be regarded as improperly verified, since it was not returned promptly on that ground, but, on the contrary, seems to have been accepted, are all questions which do not now properly arise, and have not, therefore, been considered. For the only question really presented by this appeal is, whether Judge Hudson erred in dissolving the injunction, and inasmuch as the complaint itself does not, in our judgment, state such facts as

would entitle the plaintiff to the injunction asked for, we think there was no error in dissolving the temporary injunction.

The judgment of this court is, that the order appealed from be affirmed.